

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-75,992-01

### EX PARTE LUIS ALBERTO JARAMILLO, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 57,842-D IN THE 320TH DISTRICT COURT
### FROM POTTER COUNTY

*Per curiam*.

### OPINION

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a controlled substance and sentenced to seven years' imprisonment. The Seventh Court of Appeals affirmed his conviction. *Jaramillo v. State*, No. 07-09-0105-CR (Tex. App.–Amarillo Jan. 20, 2010) (unpublished).

Applicant was a passenger in a truck that was stopped by police attempting to serve a grand jury subpoena. After the driver consented to a search, paraphernalia and controlled substances were found in the truck and, later, on Applicant's person. Counsel waived any objections to the stop when the controlled substances were admitted into evidence. This case was remanded for findings and

conclusions addressing Applicant's contentions that counsel was ineffective for not filing a written pre-trial motion to suppress and then waiving his oral challenge to the legality of the traffic stop. On remand, the trial court agreed with counsel's assertion that he did not believe the stop was illegal because peace officers are authorized by the Code of Criminal Procedure to serve grand jury subpoenas.

An automobile stop must be "reasonable" under the Fourth Amendment and the "decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Whren v. United States*, 517 U.S. 806, 810 (1996). An investigatory stop requires "a reasonable suspicion, based on objective facts, that the individual is involved in criminal activity." *Brown v. Texas*, 443 U.S. 47, 51 (1979). The police testified unequivocally at trial that the truck was stopped solely to serve a grand jury subpoena and was not based on reasonable suspicion or probable cause. After a review of the record, we find that counsel erred and Applicant was harmed by the errors. *Strickland v. Washington*, 466 U.S. 668 (1984); *State v. Mazuca*, 375 S.W.3d 294, 296–97 (Tex. Crim. App. 2012). Applicant is entitled to relief.

Relief is therefore granted. The conviction in Cause No. 57,842-D in the 320th District Court of Potter County is set aside, and Applicant is remanded to the custody of the sheriff of Potter County to face the charges in the indictment. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: June 26, 2013

Do not publish